UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MARIE TIBBETTS,

    Plaintiff,

v.                                          Case No. 8:15-cv-1458-T-24 TBM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the parties' cross-motions for summary judgment (Doc. No. 17, 18) and responses thereto (Doc. No. 23, 24) on the issue of uninsured motorist ("UM") coverage under the subject insurance policy. As explained below, Plaintiff's motion is granted, as the Court concludes that the Honda Civic is an uninsured motor vehicle under the insurance policy for the accident at issue.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own

affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II. Background**

Plaintiff Angela Marie Tibbetts filed this lawsuit against Defendant State Farm Mutual Automobile Insurance Company regarding her claim for UM benefits. Specifically, Plaintiff claims that Defendant breached the insurance policy at issue by failing to pay Plaintiff's claim for UM benefits relating to an accident that occurred on September 16, 2014. (Doc. No. 2).

The relevant facts are not in dispute. Defendant issued an automobile insurance policy to Plaintiff's parents, and the policy was in force at the time of the accident at issue in this case. (Doc. No. 17-1, 17-2). The insurance policy provides bodily injury coverage of $100,000 and UM coverage of $100,000. (Doc. No. 17-1, 17-2). The insurance policy includes coverage for the 1997 Honda Civic that was owned by Plaintiff's mother and was involved in the accident. (Doc. No. 17-1, 17-2). Plaintiff, who was living with her parents at the time of the accident, qualifies as a "resident relative" under the insurance policy and is identified in the insurance policy as a driver of the Honda Civic. (Doc. No. 17-1, 17-2).

On September 16, 2014, Ray Walker was involved in a car accident while he was driving the Honda Civic and Plaintiff was a passenger. (Doc. No. 17-1, 17-2). Walker is not a member of Plaintiff's family, and he did not have permission to drive the Honda Civic. (Doc. No. 17, p. 2; Doc. No. 18, p. 1, 3). Plaintiff was injured in the accident. (Doc. No. 17-1, 17-2). Defendant denied liability coverage to Walker for the accident because he did not have permission to drive the Honda Civic, so Plaintiff sought UM benefits under Defendant's insurance policy. (Doc. No. 17-1, 17-2; Doc. No. 18, p. 3). Defendant denied Plaintiff's claim for UM benefits. (Doc. No.

17-1, 17-2).

The following provisions of the insurance policy are relevant to this dispute. First, the insurance policy provides that Defendant "will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the . . . driver of an *uninsured motor vehicle*." (Doc. No. 15-1, p. 30 of 53).

Second, the insurance policy defines an "Uninsured Motor Vehicle" to include a motor vehicle whose ownership and use is not insured for bodily injury at the time of the accident. (Doc. No. 15-1, p. 30 of 53). The parties agree that there is no evidence that Walker was insured by any insurance policy at the time of the accident. (Doc. No. 18, p. 3). Furthermore, Defendant contends that Walker's use of the Honda Civic was not insured under Defendant's insurance policy due to his not having permission to use the car. (Doc. No. 18, p. 3).

Third, the policy provides exceptions to the definition of an "Uninsured Motor Vehicle." The two exceptions that are at issue in this case are set forth below:

> *Uninsured Motor Vehicle* does not include a land motor vehicle . . . :
> 1.   whose ownership . . . or use is provided Liability Coverage by this policy. However, any such vehicle will be deemed to be an *uninsured motor vehicle* for *bodily injury* sustained by . . . a *resident relative* while the vehicle is being operated by a *person* other than *you* [the named insured] or a *resident relative*; [or]
> 2.   *owned by* . . . or furnished or available for the regular use of *you* or a *resident relative*[.]

(Doc. No. 15-1, p. 30 of 53). The parties dispute the meaning and applicability of these two exceptions, and the Court's determination will control the UM coverage issue in this case.

### III.  Motions for Summary Judgment

Both parties move for summary judgment on the issue of UM coverage under the

3

insurance policy for Plaintiff's bodily injuries. The dispute to be resolved is whether the Honda Civic was an uninsured motor vehicle ("UMV") under the policy when Walker drove it without permission and got into an accident that resulted in bodily injury to Plaintiff. Defendant argues that the Honda Civic cannot be considered a UMV under the policy due to Exception 2, which provides that a UMV does not include a vehicle owned by or furnished or available for regular use by Plaintiff (a resident relative) or her parents (the name insureds).

Plaintiff, on the other hand, relies on Exception 1 to argue that the Honda Civic was a UMV at the time of the accident. Exception 1 provides that a UMV does not include a vehicle whose ownership is provided Liability Coverage by the policy, which directly applies to the Honda Civic. However, there is an exception to Exception 1, which provides that the Honda Civic would be deemed a UMV for bodily injury sustained by Plaintiff while the Honda Civic is being operated by someone other than Plaintiff or her parents. This policy provision is consistent with Florida Statute § 627.727(3)(c), which provides the following:

> For the purpose of [uninsured motorist] coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof . . . [e]xcludes liability coverage to a nonfamily member whose operation of an insured vehicle results in injuries to the named insured or to a relative of the named insured who is a member of the named insured's household.

Fla. Stat. § 627.727(c)(3).

Defendant argues that the Court should reject Plaintiff's reliance on Exception 1, because the Honda Civic is not a UMV under Exception 2. Defendant argues that as long as the Honda Civic satisfies one of the exceptions, it cannot be considered a UMV. Defendant bases this argument on the fact that the UMV exceptions are set forth as alternatives (using the word "or"

to differentiate between them), and as such, according to Defendant, as long as the Honda Civic meets one of the UMV exceptions, UM coverage is not available for the accident. Furthermore, Defendant points out that Florida Statute § 627.727(3)(c) specifically states that its definition of a UMV is "subject to the terms and conditions of [the UM insurance] coverage."

Upon consideration, the Court is not persuaded by Defendant's argument, because Exceptions 1 and 2 directly contradict each other when the vehicle at issue is owned by an insured and covered under the insurance policy but is being operated by someone other than the insured or a resident relative and causes bodily injury to the insured or resident relative. Defendant, who drafted the insurance policy, does not sufficiently explain why these two directly conflicting provisions are both included within the UMV exceptions and/or how they can be read in harmony.

Defendant attempts to explain Exception 2 as being "consistent with the purpose of the UM statute in that it precludes a potentially collusive identification of a non-family operator as a non-permissive user," because such situations "can be a significant concern to an insurer when UM coverage limits . . . exceed liability coverage limits." (Doc. No. 23, p. 6). However, neither Exceptions 1 and 2, nor Florida Statute § 627.727(3)(c), differentiate between permissive and non-permissive non-family drivers. Thus, Defendant does not sufficiently explain why Exceptions 1 and 2 (which are directly conflicting provisions) are both included within the UMV exceptions and/or how they can be read in harmony. Without such an explanation, these two provisions create an ambiguity regarding whether the Honda Civic was a UMV at the time of the accident.

The construction of an insurance policy is a question of law for the Court to determine.

See Washington National Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013). As explained by the Florida Supreme Court:

> Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written. In construing insurance contracts, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect. Courts should avoid simply concentrating on certain limited provisions to the exclusion of the totality of others. However, [p]olicy language is considered to be ambiguous . . . if the language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.
>
> \* \* \*
>
> [W]here the provisions of an insurance policy are at issue, any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of coverage and strictly against the insurer. . . . [I]t has long been a tenet of Florida insurance law that an insurer, as the writer of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer. Thus where . . . one reasonable interpretation of the policy provisions would provide coverage, that is the construction which must be adopted.

Id. at 948-50 (internal citations and quotation marks omitted).

In this case, there is an ambiguity due to the conflicting policy exceptions. Exception 1 specifically addresses the circumstances of this case and provides UM coverage for the accident, while Exception 2 is a general exception that exempts UM coverage. As a result of these conflicting exceptions (with no sufficient explanation as to how they can be read in harmony), the Court construes these provisions liberally in favor of UM coverage and finds that the Honda Civic is a UMV under the policy for the accident at issue.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's Motion for Summary Judgment (Doc. No. 17) is **GRANTED as to the issue of UM coverage.**

(2)   Defendant's Motion for Summary Judgment (Doc. No. 18) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 19th day of November, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record